**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| As-Ashakoor Wright, | : | |
| | : | Civil Action No. 15-1471(RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| John Powell, Warden, | : | |
| | : | |
| Respondent. | : | |

**BUMB**, District Judge

    This matter comes before the Court upon Petitioner's submission of a petition under 28 U.S.C. § 2241, which was unaccompanied by the $5.00 filing fee or an <u>in</u> <u>forma</u> <u>pauperis</u> (IFP) application.  <u>See</u> Petition (Doc. No. 1).  Petitioner is an inmate confined at Bayside State Prison, Leesburg, New Jersey.  (Pet.)  Petitioner seeks to have his conviction and sentence vacated or to have his status changed so he can be transferred to a "camp."  (<u>Id.</u>)

    Petitioner asserts that he is incarcerated based on convictions in state court in 1997 and 1998, but he has not given any additional information.  (Pet. at 2.)  Petitioner alleges jurisdiction under 28 U.S.C. § 2241 because he is

challenging the execution of his sentence(s).  (Pet. at 2.) Petitioner stated, "because of the adverse collateral consequence the past state charge entails, [Petitioner] is being denied access to the Camp, along with lower reduction of security."  (Id.)

A habeas corpus petition must be accompanied by a five dollar filing fee[1] or a properly completed "Application to Proceed In Forma Pauperis in a Habeas Case."[2]  Petitioner has not paid the filing fee or submitted an application to proceed in forma pauperis.  Thus, the Court will administratively terminate this matter, but Petitioner will be allowed to reopen the case by paying the five dollar filing fee or submitting a properly completed "Application to Proceed In Forma Pauperis in a Habeas Case."

Although Petitioner may reopen the case, he should be aware that the Court must summarily dismiss a petition if it plainly appears that petitioner is not entitled to relief in the district court.  See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (district court must dismiss the petition after preliminary review if it plainly appears that the petitioner is not entitled to relief); Rule 1(b) of the Rules Governing Section 2254 Cases in the United

---

[1] See 28 U.S.C. § 1914(a).
[2] See 28 U.S.C. § 1915.

States District Courts ("[t]he District Court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)).

Petitioner's challenge to his prisoner status, which he alleges does not allow him to be housed in a lower security prison or a "camp," appears to be a challenge to the execution of his sentence. See Ganim v. Federal Bureau of Prisons, 235 F. App'x 882, 884 (3d Cir. 2007) (noting § 2241 may be proper to challenge execution of sentence where the "level" of custody is at issue). 28 U.S.C. § 2241 allows a *federal* prisoner to challenge the execution of his or her sentence. Cody v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). The proper vehicle for a *state* prisoner to challenge the execution of his sentence in federal court is by filing a habeas petition under 28 U.S.C. § 2254. See Id. (Section 2254 "confers broad jurisdiction to hear the petition of any state prisoner 'in custody in violation of federal law.'")

Petitioner also seeks to set aside or vacate "the remaining part of his conviction and sentence."[3] (Pet. at 6). A

---

[3] Petitioner also seeks declaratory judgment under 28 U.S.C. § 2201 that "[Petitioner] was a victim of the fundamental muscarriage [sic] of justice." (Pet. at 4.) The Declaratory Judgment Act does not create federal jurisdiction. See Ragoni v. U.S., 424 F.2d 261, 264 (3d Cir. 1970)("the mere fact that a declaratory judgment is being sought is not, of itself, ground for federal jurisdiction." Vacation of Petitioner's state convictions or sentences is properly sought under 28 U.S.C. §

petitioner may challenge the validity of his state conviction or sentence under 28 U.S.C. § 2254, based on a violation of the Constitution or federal law, but availability of such review is not unlimited.

First, there is a one-year statute of limitations to bring such a claim. 28 U.S.C. § 2244(d)(1). Given that Petitioner's convictions occurred in 1997 and 1998, it is likely that the statute of limitations would bar his § 2254 petition seeking to vacate his state conviction(s), absent extraordinary circumstances that would justify equitable tolling of the statute. Second, Petitioner would be required to exhaust his state court remedies before challenging his state conviction(s) or sentence(s) under § 2254, again, absent extraordinary circumstances. 28 U.S.C. § 2254(b)(1).

In sum, while Petitioner may reopen this case by paying the filing fee or submitting an application to proceed without paying the fee, in order to avoid summary dismissal of his petition, he may wish to carefully consider the proper vehicle for his claims, and whether he is presently precluded from bringing such claims by procedural rules such as the statute of limitations or exhaustion of state remedies. Additionally, Petitioner should be aware that to obtain relief, he must allege

---

2254. An inmate cannot escape the procedural hurdles of seeking habeas relief by bringing his claim under the Declaratory Judgment Act.

facts that entitle him to the relief he requests. See Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts (describing the requirements of the form of a § 2254 petition).

**IT IS**, therefore, on this **4th** day of **March 2015**,

**ORDERED** that the Clerk shall administratively terminate this matter by making a new and separate entry reading, "CIVIL CASE TERMINATED." Such termination shall be subject to reopening in the event Plaintiff timely submits a properly executed IFP application; and no statement in this Memorandum and Order shall be construed as withdrawal of this Court's jurisdiction over this matter; and it is further

**ORDERED** that Plaintiff may renew his application in this matter by submitting, within thirty days from the date of entry of this Memorandum and Order, a properly executed "Application to Proceed In Forma Pauperis in a Habeas Case;" and he may accompany that submission with a properly completed "Petition for Relief From a Conviction or Sentence By a Person in State Custody;" and it is further

**ORDERED** that the Clerk shall serve this Memorandum and Order upon Plaintiff by regular U.S. Mail, together with the following blank forms: "Application to Proceed In Forma

Pauperis in a Habeas Case" and "Petition for Relief From a Conviction or Sentence By a Person in State Custody."

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
United States District Judge
