**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| As-Ashakoor Wright, | : | |
| | : | Civil Action No. 15-1471(RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| John Powell, Warden, | : | |
| | : | |
| Respondent. | : | |

**BUMB**, District Judge

This matter is before the Court upon Petitioner's submission of a petition under 28 U.S.C. § 2241 (Petition, ECF No. 1), and Petitioner has now remedied the deficiency in his original filing by paying the filing fee. As noted in this Court's Memorandum and Order of March 4, 2015, Petitioner is confined at Bayside State Prison, Leesburg, New Jersey, and seeks to have his state conviction and sentence vacated or to have his status changed so he can be transferred to a "camp." (Mem. and Order, ECF No. 2.) He challenges his 1998 state conviction and sentence.[1] (Pet. at 1-2.)

---

[1] Petitioner also seeks a Declaratory Judgment under 28 U.S.C. § 2201, requesting a declaration that he was a victim of a fundamental miscarriage of justice. (Pet. at 4.) The Declaratory Judgment Act does not create federal jurisdiction. See Ragoni v.

The Court must summarily dismiss a petition if it plainly appears that petitioner is not entitled to relief in the district court. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (district court must dismiss the petition after preliminary review if it plainly appears that the petitioner is not entitled to relief); Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("[t]he District Court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)).

This Court noted in its prior Memorandum and Order in this matter that the proper vehicle for a state prisoner to challenge the *execution* of his sentence in federal court is by filing a habeas petition under 28 U.S.C. § 2254. See Cody v. Vaughn, 251 F.3d 480, 486 (3d Cir. 2001)(Section 2254 "confers broad jurisdiction to hear the petition of any state prisoner 'in custody in violation of federal law.'") Petitioner has not filed an amended petition in this matter stating a basis for jurisdiction under § 2241, and has not offered any explanation why he believes his claim is properly brought under § 2241.

This Court also previously noted that § 2254 is the proper vehicle to set aside or vacate a state conviction and sentence.

---

U.S., 424 F.2d 261, 264 (3d Cir. 1970)("the mere fact that a declaratory judgment is being sought is not, of itself, ground for federal jurisdiction.")

2

(ECF No. 2 at 3-4.) Again, Petitioner has not explained why he believes he may proceed on this claim under § 2241.

In sum, Petitioner was notified in this Court's March 4, 2015 Memorandum and Order that, in order to avoid summary dismissal of his petition, he may wish to carefully consider the proper vehicle for his claims. There is no reason to believe Petitioner has done so, and 28 U.S.C. § 2241 is not the proper vehicle to challenge the execution or the validity of his state court conviction and sentence.

For these reasons, in the accompanying Order, the Court will dismiss the petition for lack of jurisdiction.

    s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Dated April 30, 2015